1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

| | |
|---|---|
| **MIGUEL ENCARNACION-MONTERO,** | ) **Case No. LA CV 12-05262-VBF-JC** |
| | ) |
| | ) Overruling Petitioner's June 12, 2015 Objections; |
| | ) |
| **Petitioner,** | ) Adopting the June 4, 2014 Report & Recommendation; |
| | ) |
| v. | ) Denying the 28 U.S.C. Section 2241 Habeas Corpus Petition for Lack of Merit; |
| | ) |
| LINDA SANDERS, Warden, | ) Dismissing With Prejudice and Terminating this Action |
| | ) |
| Respondent. | ) |
| ——————————————— | ) |

18

19

20

21

22

23

24

25

26

27

28

Magistrate Judge Chooljian issued a Report and Recommendation ("R&R") on June 4, 2014, *see* Case Management/Electronic Case Filing Document ("Doc") 13, and habeas corpus petitioner Miguel Encarnacion-Montero ("petitioner") had the right to file objections by tendering them to prison authorities for paper-mailing no later than twenty calendar days after he received the R&R. *See* C.D. Cal. LCivR 72-3.4, Objections to Report Where Party in Custody ("If a party is in custody at the time of the filing of the Magistrate Judge's report, the time for filing objections allowed under F.R.Civ.P. 72(b) shall be twenty (20) days or such further time as the Magistrate Judge may order."). The Court assumes that the Clerk's Office mailed the R&R to petitioner by close of business the following day, Thursday, June 5, 2014; that the R&R arrived at petitioner's prison by Monday, June 9, 2014; and that petitioner himself received the objections on Tuesday, June 10, 2014. Thus, petitioner had to file any objections to the R&R no later than Monday, June 30, 2014. Petitioner

1  does not contest that he never filed objections or sought an extension of time in which to do so.

2  By Order issued July 29, 2014 – more than four weeks after petitioner was required to tender

3  any objections to prison authorities for mailing – this Court issued an Order (Doc 14) adopting the

4  R&R, denying the habeas petition for lack of merit, and dismissing the action with prejudice.  As

5  required by Fed. R. Civ. P. 58(a), the Court entered final judgment by separate document, *see* Doc

6  15.  Petitioner did not move for reconsideration within 28 days as permitted by Fed. R. Civ. P. 59(e),

7  nor did he file a notice of appeal or move for an extension of time in which to file an appeal.

8  On February 20, 2015, the Court received a Petition to Vacate Judgment from petitioner.  By

9  Notice of Document Discrepancies (Form CV-104A) issued on February 25, 2015 (Doc 16), the

10  Court rejected the document because petitioner's proof of service did not reflect service on all

11  counsel for respondent and because the only counsel whom petitioner served ("Darryl Musick, Asst.

12  U.S. Attorney") was not listed as counsel for respondent on the docket sheet.

13  On April 1, 2015, the Court received a document entitled "Petition to Vacate Judgment

14  Entered on July 29, 2014, Pursuant to Federal Rules of Civil Procedure 60(b)."  Petitioner's proof

15  of service again did not reflect service on AUSA Dorothy Kim, one of the two attorneys listed as

16  counsel for respondent.  This time, however, petitioner's proof stated that he had served Alarice

17  Medrano, the other attorney listed as counsel for respondent.  Accordingly, by Notice of Document

18  Discrepancies issued on April 3, 2015 (Doc 17), the Court *accepted* the document for filing.  By

19  Order issued April 8, 2015, the Court directed respondent to file a response to the Rule 60(b) motion

20  no later than April 27, 2015, and permitted petitioner to file a reply no later than May 11, 2015.

21  Respondent timely filed a response brief on April 27, 2015 (Doc 20) stating that it did not

22  oppose petitioner's motion to vacate the judgment and permit a new period for him to file objections

23  to the R&R.  **By Order issued June 3, 2015 (Doc 21),** the Court granted petitioner's unopposed

24  motion for relief from judgment; vacated the July 29, 2014 Judgment and the July 29, 2014 Order

25  adopting the R&R; **and authorized petitioner to object to the R&R by June 29, 2015**.

26  **On June 12, 2015, petitioner filed a document entitled "Objections to Submitted Report**

27  **and Recommendation of the Magistrate Judge." (Doc 22).  The objection states, in its entirety:**

28

1       [Petitioner] respectfully objects with the Magistrate Judge's determination that he is

2       not entitled to a finding that he should be excused for failure to exhaust his

3       administrative remedies and have his habeas petition heard.  As stated before[,]

4       [petitioner] does not know the English language and was not afforded an opportunity

5       to appeal the findings of the DHO [Disciplinary Hearing officer].

6

7       Rather than consider [petitioner]'s inability to read in English and the fact that all the

8       documents concerning the disciplinary process are in English and unavailable in

9       Spanish, the Magistrate states that [petitioner] has failed to show that exhaustion

10      would be futile. [Petitioner] asserts that no staff member in USP Lompoc are willing

11      to create or sign a Memorandum authorizing the late filing of the Administrative

12      Appeal.  No matter what he does [petitioner] will be unable to present his claim if

13      this Court does not excuse his failure to exhaust.

14

15      IN CONCLUSION   [Petitioner] prays that this Honorable Court hold that his

16      inability to speak, write or read English weigh in favor of excusing his inability to

17      exhaust the administrative remedy process and issue an Order rejecting the

18      Magistrate Judge's recommendation to dismiss his habeas petition and instead order

19      the Respondent to [file an] answer to the claims presented.

20

21  Doc 22 at 2-3.

22      "The only proper purpose of an objection to an R&R is to identify a specific defect of law,

23  fact, or logic in the Magistrate Judge's analysis." *Martin v. Barnes*, No. LA CV 12-09503-VBF Doc.

24  26 at 2 (C.D. Cal. June 5, 2015).  "In [*Thomas v.*] *Arn,* [474 U.S. 140, 106 S. Ct. 466 (1985)], the

25  [Supreme] Court also had this understanding of the purposes of the Magistrates Act, and similarly

26  assumed that objections were to address specific concerns *with the magistrate's report*."  *Howard*

27  *v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (emphasis added).  In other

28
                                              3

1   words, "[a]n objection to the R&R would identify something wrong with the R&R, either something

2   in the R&R that should be different, or something omitted from the R&R that should have been

3   included." *Snipes v. Tilton*, 2011 WL 766599, *3 (S.D. Cal. Feb. 25, 2011) (Larry Alan Burns, J.).

4   **Petitioner's purported objection fails to identify any arguable error of law, fact, or logic**

5   **in the Magistrate Judge's R&R.**  Petitioner cites neither binding nor persuasive authority holding

6   that a prisoner who is unable to "speak, write or read English" is excused by AEDPA or other statute

7   from exhausting prison administrative remedies unless those remedies are made available in the

8   foreign language of his choice.  Nor does petitioner cite authority holding that a prisoner who is

9   unable to speak, write or read English *constitutionally* must be excused from exhausting prison

10   administrative remedies even in the absence of a statutory directive to that effect.

11

12   **Moreover, as the Magistrate Judge notes (R&R at 6), petitioner does not deny that the**

13   **prison gave him written notice of the charges against him in advance of the DHO hearing.  Nor**

14   **does petitioner allege that he was not told the facts relied on and the reasons for the**

15   **disciplinary ruling.  Rather, petitioner complains only that he does not read, write, or**

16   **comprehend English** and so did not understand the charges against him or his rights with respect

17   to the Incident Report, did not understand the documents given to him in English, did not know he

18   had the right to a staff representative, did not know he had the right to call witnesses, and did not

19   speak to anyone in English about the Incident Report, and he seeks an evidentiary hearing to confirm

20   that his claim that he does not "know" English. *See* R&R at 6-7 (citing Pet's Reply at 5-6).

21   **For essentially the reasons described by the Magistrate Judge, the Court finds that**

22   **petitioner's claim that he does not understand or "know" English is incredible.**  Namely,

23   petitioner made a similar claim in a 28 U.S.C. section 2255 habeas proceeding in the U.S. District

24   Court for the District of Puerto Rico ("D.P.R.") which that court properly found was incredible.

25   Although petitioner first claimed in that action that he had not had an English-Spanish interpreter

26   in connection with the section 2255 proceedings, he later submitted a sworn declaration in that action

27   stating that he *had* used the services of a translator but that the sound system used by the interpreter

28

4

1    (to tell him the Spanish meaning of what had just transpired) would sometimes malfunction and turn

2    off.  *See* R&R at 7 (citing docket entries from D.P.R. Civil Case No. 3:11-01677-DRD, which was

3    initiated by petitioner's filing of a 28 U.S.C. section 2255 habeas petition on July 14, 2011).

4           A Magistrate Judge in the District of Puerto Rico conducted an evidentiary hearing in January

5    2014 and found that petitioner was not credible in claiming he did not understand English.  That

6    Magistrate noted *inter alia* that (1) a certified court interpreter was active during the entire trial

7    process; (2) petitioner claimed that he did not know what was stated in an English-language

8    declaration that he had signed after its preparation by a "jailhouse lawyer" (fellow inmate), but he

9    urged the court to believe that declaration nonetheless; (3) in the transcript from a suppression

10   hearing in the underlying criminal case showed, an agent testified that he spoke with petitioner as

11   part of the investigation leading to his arrest and that petitioner had told him where to leave ransom

12   money, saying at times "Now I can see you" and "I'm looking at you.  Continue on your way."  *See*

13   R&R at 7-8 (citing D.P.R. Civil Doc 73 at 8 and 23-27, and D.P.R. Criminal Doc 11 at 3-16).

14          **Adopting the D.P.R. judge's well-substantiated determination that petitioner was lying**

15   **when he said he could not understand and speak English, our Magistrate Judge Chooljian**

16   **adds to this (1) the evidence that petitioner spoke in English** to prison employees and to the agent

17   who investigated his original crime, (2) the BOP witnesses' statement that they would have brought

18   an interpreter if there had been *any* sign that an interpreter was needed, and (3) petitioner's failure

19   to request an interpreter or any assistance at *any* time (including the *nine-day period* between

20   petitioner's receipt of the notice advising him of his rights regarding the DHO hearing, and the DHO

21   hearing itself).  *Cf., e.g., Mubita v. Blades*, 2015 WL 2064476, *13 (D. Idaho May 4, 2015) (B. Lynn

22   Winmill, C.J.) ("After reviewing Petitioner's arraignment testimony, listening to Petitioner testify

23   at the post-conviction hearing, and considering the testimony of Petitioner's trial counsel regarding

24   assessment of Petitioner's ability to communicate with him, the state district court concluded that

25   there was no question Petitioner understood English and that an interpreter was not needed.  * * *

26    There is insufficient evidence in the record to rebut that finding."), *appeal filed*, No. 15-35407 (9th

27   Cir. May 21, 2015); *Aljibory v. Ryan*, 2014 WL 1116995, *8-*9 (D. Ariz. Mar. 14, 2014) (Susan

28

1    Bolton, J.) (denying section 2254 habeas petitioner's claim that the state trial court denied his right

2    to due process by refusing to provide an Arabic translator, court found "no indication that petitioner

3    was unable to comprehend the proceedings or instructions of the court" or that he was unable to

4    communicate with the court or counsel in English); *Ozsusamlar v. Copenhaver*, 2014 WL 791480,

5    *5 (E.D. Cal. Feb. 24, 2014) (Stanley Boone, M.J.) (denying section 2241 habeas claim that prison

6    violated petitioner's due process rights by failing to provide him with a Turkish interpreter in

7    connection with prison disciplinary proceeding, relying in part on the finding of an earlier judge (the

8    sentencing judge) that petitioner's claims about his inability to understand English was not worthy

9    of belief given that "in his repeated communications to the Court, . . . Osman has written in much

10   the same way [as] he did in these letters that he claims he doesn't understand. [E]ven when he has

11   written to the Court in Turkish, the translation of the Turkish reads the same as those letters written

12   in English, with inaccurate or incomplete sentences, grammatical errors, and baseless and speculative

13   allegations of a vast conspiracy against Osman by the government.").

14          **On this record, the Magistrate is amply justified in finding that petitioner understands**

15   **and speaks English well enough that he did not need an interpreter at or in connection with**

16   **the DHO hearing in order for his due process rights to be respected.** *See* R&R at 8; *cf., e.g.,*

17   *Ozsusamlar*, 2014 WL 791480 at *5-*6 (denying § 2241 habeas claim that prison violated due

18   process rights by failing to provide an interpreter in connection with prison disciplinary proceeding,

19   noting *inter alia* that his claim that he did not "speak, comprehend, write or read English" was

20   contradicted by the record", namely, petitioner said he understood his rights, did not request an

21   interpreter, made statements in English at the DHO hearing and a prior hearing, "understood enough

22   to deny having made any threats in his letter", was "plainly engaged at the hearing and more than

23   able to communicate with the DHO in providing his explanation for the letter").

24          **Finally, the Magistrate correctly notes (R&R at 9-10) that the extent to which federal**

25   **constitutional due process may require the provision of interpreter services at a prison**

26   **disciplinary hearing is unclear.** The Court would further note that petitioner has not identified any

27   United States Supreme Court or Ninth Circuit precedent holding that a prisoner's constitutional right

28

6

1  to due process *at a prison disciplinary hearing* requires the prison to provide an interpreter.  In short,

2  "the mere fact that a party can design a set of more expansive procedures", such as an interpreter,

3  "does not entitle him to such process."  *United States v. Loughner*, 672 F.3d 731, 756 (9th Cir.

4  2012).  "The fact that [petitioner] can conceive of *more* process does not entitle him to it as the

5  process that is *due*."  *Id.*

6

7                                                    ORDER

8          Petitioner's June 12, 2015 objection **[Doc #22] is OVERRULED**.

9          The June 4, 2014 Report and Recommendation **[Doc #13] is ADOPTED**.

10         The habeas corpus petition is **DENIED** for lack of merit.

11         This action is **DISMISSED WITH PREJUDICE** and TERMINATED.

12         As required by Fed. R. Civ. P. 58(a), final judgment in favor of respondent will be entered

13  by separate document.  Because petitioner sought habeas corpus relief pursuant to 28 U.S.C. section

14  2241, he does <u>not</u> need to obtain a certificate of appealability in order to appeal to the United States

15  Court of Appeals for the Ninth Circuit.  *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012)

16  (citations omitted).[1]

17

18

19  DATED:         June 18, 2015

20                                                    *Valerie Baker Fairbank*

21                                                    _____

22                                                    Honorable Valerie Baker Fairbank
                                                      Senior United States District Judge

23

24  _____

       [1]

25      *Accord Descamps v. Warden, Lewisburg USP*, No. 14-4418, – F. App'x –, 2015 WL
       3622185, *1 n.1 (3d Cir. June 11, 2015) (per curiam) (citation omitted); *see, e.g, James E.*
26  *Thornberg v. Jack Fox*, Case No. 2:14-08091-DSF-AN Doc. No. 11, Appeal No. 14-56792 (9th Cir.
       June 12, 2015) ("We refer this matter to a merits panel to determine whether the petition filed by
27  appellant in the district court is a legitimate 28 U.S.C. § 2241 petition . . . , thereby rendering a
28  certificate of appealability unnecessary . . . .").

                                                        7